IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 11-133 |
| v. | : | |
| | : | |
| EUGENE PRATT | : | |

**O R D E R**

**AND NOW**, this **30th** day of **June, 2016**, it is hereby

**ORDERED** that Defendant's Motion for Time Credit is **DENIED**.[1]

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,    J.**

---

[1] Defendant requests credit for time served since the imposition of a federal detainer in February 2011. He faces two insurmountable obstacles even before the Court can consider the merits of his motion.

First, Defendant has not yet exhausted his administrative remedies. It is not the district court, but the Attorney General – through the Bureau of Prisons ("BOP") – "who computes the amount of [] credit after the defendant begins his sentence." United States v. Wilson, 503 U.S. 329, 333 (3d Cir. 1992). If a Defendant objects to the BOP's computation of any credits to be applied to his sentence, he must first exhaust his administrative remedies. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is a multi-step process culminating in an appeal to the BOP General Counsel. So far, Defendant has taken only one step (filing a formal request with the BOP). Therefore, he has not exhausted his administrative remedies, and his motion is premature.

Second, even if Defendant's administrative remedies were properly exhausted, and the Court construed his motion as a habeas corpus petition under 28 U.S.C. § 2241 – which is the proper mechanism for challenging the execution of a sentence, Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) – the Court does not have jurisdiction over his request, because Defendant is incarcerated in a prison located in the Middle District of Pennsylvania. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("[F]or core habeas petitions challenging present physical confinement [under § 2241], jurisdiction lies in only one district: the district of confinement.")